FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 JAN 25 PM 3: 58

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARK L. WAGAR, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 98-G-2570-S |
| MEDPARTNERS, INC., a Delaware | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |

**ENTERED**

**JAN 2 5 1999**

## MEMORANDUM OPINION

This cause came to be heard at the court's regularly scheduled motion
docket upon the motion of respondent, Medpartners, Inc., to dismiss plaintiff's
petition to compel arbitration. Having considered the submissions and argument
of counsel, the court is of the opinion that the petition is due to be dismissed.

The court has considered the six factors enumerated in Transouth
Financial Corp. v. Bell, 149 F.3d 1292, 1294-95 (11th Cir. 1998), and determines
that on the whole, they weigh in favor of abstention. In particular, the court
concludes as follows with respect to each individual factor:

1.  The order in which the courts assumed jurisdiction—The state court
    action was filed first.

2.  The relative inconvenience of the fora—Neither the state or federal
    forum in the instant case is more or less convenient than the other.



3.     The order in which jurisdiction was obtained and the relative progress of the two actions—It appears that if either of the actions is more progressed, it is the state court action.

4.     The desire to avoid piecemeal litigation—This factor weighs strongly in favor of deferring to the state court action.  It has been represented to the court that the state court action involves two other former employees of MedPartners with essentially identical employment contracts.  Those employees may not be made part of this action because it would destroy complete diversity.  See Mutual Life Ins. Co. of New York v. Adams, 972 F. Supp 1386 (N.D. Ala. 1997).  Therefore, the possibility of inconsistent judgments with respect to the interpretation of essentially identical contracts exists.  All of the issues can be decided without inconsistency in the state court action.

5.     Whether federal law provides the rule of decision—The question of contract validity, and thus whether the arbitration clause contained therein should be enforced, will be determined by state law.

6.     Whether the state court will adequately protect the rights of all parties—The plaintiff has not shown that the state court is unable or unwilling to adequately protect his rights.  The court is confident that adequate relief is available to the plaintiff in the Alabama state courts.  There is no reason to believe that the state court will not order arbitration if the facts and law warrant.

It is clear to the court that each of the six enumerated factors is either neutral, or weighs in favor of the state court forum.  Therefore, the court will abstain from hearing the instant action and will dismiss the plaintiff's petition.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED this 25th day of January 1999.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.